Bradley Schrager, Esq.
Nevada State Bar No. 10217
Daniel Bravo, Esq.
Nevada State Bar No. 13078
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200/Fax: (702) 341-5300
Email: bschrager@wrslawyers.com

*Attorney for Defendant Anastasia Popova*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ILIA N. ZAVIALOV, in the right of and for the benefit of DREAM MARRIAGE GROUP, INC., <br><br>       Plaintiff, <br><br>       vs. <br><br> ANASTASIA POPOVA, DOES 1 through 50, Inclusive, <br><br>        Defendants, <br><br>  -and- <br><br> DREAM MARRIAGE GROUP, INC., <br><br>       Nominal Party. | Case No: <br><br> District Court Case No.: A-13-690188-C <br> District Court Dept No.: XXX <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Please take notice that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant Anastasia Popopva (hereinafter "Defendant") by and through her undersigned counsel, hereby

removes this action from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada. The jurisdictional basis for removal is diversity of citizenship pursuant to 29 U.S.C. § 1332(a). In support of removal, Defendant states as follows:

**I.     THE REMOVED ACTION**

1. On October 15, 2013, Plaintiff Ilia N. Zavialov (hereinafter "Plaintiff") filed the instant action in in the Eighth Judicial District Court of Clark County, Nevada (Case No. A-13-690188-C, the "State Action"). A true and correct copy of the Verified Complaint and Summons of the State Action are attached hereto as **Exhibit A**.

2. Plaintiff, derivatively on behalf of Dream Marriage Group, Inc., seeks damages for the causes of action of (1) Conversion, (2) Intentional Breach of Fiduciary Duty, (3) Negligent Breach of Fiduciary Duty, (4) Gross Negligence and Mismanagement, (5) Negligence, and (6) Unjust Enrichment against Defendant.

3. The Complaint and Summons were served upon Defendant by process server on October 15, 2013, which is the date on which Defendant first became aware of this action.

4. Defendant is informed and believes, according to the Eighth Judicial District Court docket, a true and correct copy is attached hereto as **Exhibit B**, that no other pleadings have occurred in this matter in the Eighth Judicial District Court apart from the filing of the above-referenced pleadings.

**II.    GROUNDS FOR REMOVAL**

   **A.     Diversity Jurisdiction Exists in this Action**

5. The State Action is removable pursuant to 28 U.S.C. § 1441(a) because the district courts of the United States have original jurisdiction over this action. Specifically, this Court has diversity jurisdiction over the State Action pursuant to 28 U.S.C. § 1332(a) because the State Action is between citizens of different states and the matter in controversy exceeds the statutory sum or value of $75,000.00, exclusive of interests and costs.

6. According to the Verified Complaint, as of the filing of the Verified Complaint and at all times thereafter, Plaintiff is a citizen of the State of Washington. As of the filing of the

1507878.1                                       2

Verified Complaint and at all times thereafter, Defendant is a citizen of the State of California.

7. While the Verified Complaint is also brought against Dream Marriage Group, Inc., a nominal party, pursuant to 28 U.S.C. § 1446(a), nominal, unknown or fraudulently joined parties need not join in the petition for removal. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)(holding "the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties'"); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986). Furthermore, the docket does not indicate that this nominal defendant has been served with the Verified Complaint or that summons has issued to effect service. *See* Ex. B. Alternatively, consent of an un-served defendant is not required where its absence is explained in the removal papers. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal).

8. Accordingly, pursuant to 28 U.S.C. § 1332(a), complete diversity jurisdiction exists between all active parties to this litigation.

**B.    The Jurisdictional Amount is Satisfied**

9. The removing Defendant bears the burden of proving a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). If it is "facially apparent" from the complaint that the plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded "only if it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum." *Davis v. Advanced Care Techs, Inc.*, 2007 U.S. Dist. LEXIS 32348 at *3 (E.D. Cal. 2007) (quoting *Singer*, 116 F.3d at 376).

10. Here, it is facially apparent from the nature of Plaintiff's Verified Complaint that the amount in controversy exceeds $75,000.00. The Verified Complaint alleges "Defendant has diverted approximately $1,200,00.00, of which $740,000.00 is liquid cash" that Plaintiff seeks to recover. *See* Ex. A. Accordingly, 28 U.S.C. § 1332(a) is satisfied.

**C.    Venue is Proper in this Court**

11. Pursuant to 28 U.S.C. § 1441(a), venue on removal is proper in this Court because

1507878.1                                      3

the United States District Court for the District of Nevada embraces the Eighth Judicial District Court of Clark County, Nevada, where the action was first filed. Defendant, however, reserves the right to file a motion to transfer this case to another venue pursuant to 28 U.S.C. § 1404(a), and does not waive her right to do so.

### D. Notice of Removal is Timely

12. On October 15, 2013, Plaintiff filed his Verified Complaint against Defendant. The Complaint and Summons were served to Defendant by process server on October 15, 2013.

13. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within thirty days of Defendant's receipt of the initial pleadings.

### E. Consent to Removal is Not Required

14. Plaintiff also brought claims against fictitious defendants Does 1 through 50, inclusive. *See* Ex. A. Plaintiff has declared these defendants as "unknown" to Plaintiff and therefore sued under "fictitious names." Under 28 U.S.C. § 1441(a), fictitious names "shall be disregarded" for purposes of removal. Therefore, consent for removal is not required from the Doe defendants. *See* 28 U.S.C. § 1441(a); *see also Hewitt*, 798 F.2d at 1233.

15. As stated in Paragraph 7 herein, Dream Marriage Group, Inc. is a nominal defendant whose citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction and whose consent for removal is not required. *See* 28 U.S.C. § 1441(a); *see also Hewitt*, 798 F.2d at 1233.

## III. SERVICE OF NOTICE OF REMOVAL

16. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a notice to the Eighth Judicial District Court of Clark County, Nevada, of the filing of the Notice of Removal ("Notice of Filing") contemporaneously with the filing of this Notice of Removal. The Notice of Filing satisfies the requirements of 28 U.S.C. § 1446(d).

## IV. PLEADINGS AND PROCESS

17. As required by 28 U.S.C. § 1446(a), Defendant has attached copies of all state court process and pleadings to this Notice of Removal. *See* Ex. A.

18. A copy of this Notice of Removal is being served upon Plaintiff contemporaneously. A copy of this Notice of Removal is being filed with the clerk of the Eighth Judicial District Court of Clark County, Nevada.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matters including, but not limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim or any other procedural or substantive defense available to Defendant.

20. This Notice of Removal is submitted to the United States District Court for the District of Nevada subject to the Federal Rules of Civil Procedure and is signed pursuant to Fed.R.Civ.P. 11.

## V. CONCLUSION

WHEREFORE, having met all the requirements for removal under 28 U.S.C. § 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1332, Defendant gives notice that it has removed the above-captioned case to the United States District Court, District of Nevada.

DATED this 13th day of November, 2013.

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By:   */s/ Bradley Schrager, Esq.*
Bradley Schrager, Esq.
Nevada State Bar No. 10217
Daniel Bravo, Esq.
Nevada State Bar No. 13078
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234

*Attorney for Defendant Anastasia Popova*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and that on the 13th day of November, 2013, I served a true and correct copy of the foregoing NOTICE OF REMOVAL OF CIVIL ACTION upon all counsel of record by electronically serving the document using the Court's electronic filing system.

By /S/ Christie Rehfeld
Christie Rehfeld, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP

1507878.1