EXHIBIT 4

```
                                                    "FILED

 1  WATTS LAW, APLC
    AARON C. WATTS, SBN 246095
 2  2020 Main Street, Suite 900                    13 OCT 16 PM 4: 03
    Irvine, California 92614
 3  Telephone: (949) 622-8980                      CLERK U.S. DISTRICT COURT
    Facsimile: (949) 622-8985                       CENTRAL DIST. OF CALIF.
 4                                                      LOS ANGELES
    Attorneys for Plaintiffs DREAM               BY:_____
 5  MARRIAGE GROUP, INC. and DREAM
    WORLD PARTNERS, INC.
 6
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAM MARRIAGE GROUP, INC., a Nevada corporation, DREAM WORLD PARTNERS, INC., a Nevada corporation) | CASE NO. CV13-7659SH |
| Plaintiffs, | Assigned For All Purposes To: |
| vs. | COMPLAINT FOR: |
| ANASTASIA POPOVA, an individual, and DOES 1 through 10, inclusive, | 1) Breach of Fiduciary Duty;<br>2) Negligence: Breach of Duty of Care;<br>3) Conversion;<br>4) Claim and Delivery;<br>5) Intentional Interference with Existing Contract;<br>6) Intentional Interference with Prospective Business Advantage; and<br>7) Declaratory Relief |
| Defendants. | DEMAND FOR JURY TRIAL<br><br>Complaint filed: |

COMPLAINT AND DEMAND FOR JURY TRIAL

 

Plaintiffs DREAM MARRIAGE GROUP, INC., a Nevada corporation (hereinafter "DMG") and DREAM WORLD PARTNERS, INC., a Nevada corporation (hereinafter "DWP"), hereby allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this entire action pursuant to 28 U.S.C. § 1332, as Plaintiffs DMG and DWP, on the one hand, are organized under the laws of the State of Nevada and maintain their principal place of business in Nevada, and Defendant ANASTASIA POPOVA (hereinafter "Defendant"), on the other, is a resident of Los Angeles, California, and the amounts in dispute far exceed the jurisdictional minimum of $75,000.

2. This Court has personal jurisdiction over Defendant by virtue of her being present in and residing in this District and Defendant's conduct, as alleged in this Complaint, is believed to have occurred in this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendant resides and this District and because a substantial portion of the events giving rise to the claims for relief stated in this Complaint are believed to have occurred in this District.

## PARTIES

4. DMG was and is, at all relevant times alleged herein, a corporation organized and validly existing under the laws of the State of Nevada, with its principal place of business located within the State of Nevada.

5. DWP was and is, at all relevant times alleged herein, a corporation organized and validly existing under the laws of the State of Nevada, with its principal place of business located within the State of Nevada.

6. DMG and DWP are collectively referred to herein as Plaintiffs.

 

7. Plaintiffs are informed and believe, and thereupon allege, that Defendant, was and is, at all relevant times alleged herein, an individual residing in the county of Los Angeles, State of California.

8. Defendants DOES 1 through 10, inclusive, are sued by Plaintiffs in this Complaint under fictitious names, and their true names and capacities are unknown to Plaintiffs. When the true names and capacities of the fictitiously named parties are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe, and thereupon allege, that each of the fictitiously named defendants are responsible in some manner for the acts or omissions alleged herein, and that the damages set forth in this Complaint were directly and proximately caused by those defendants.

## SPECIFIC FACTUAL ALLEGATIONS

9. DMG owns the dating website dreammarriage.com.

10. In January of 2010, DMG entered into an agreement with DWP to operate and manage the dreammarriage.com website and business (the "Management Agreement").

11. In the ordinary course of managing dreammarriage.com, DWP has utilized various payment service providers and processing accounts, including but not limited to, PayPal, to process payments from its customers.

12. At all times relevant herein, Defendant was an executive officer of DMG, and had access to a number of DMG's banking and processing accounts.

13. Defendant has taken control of, and prevented Plaintiffs from accessing a number of DMG's banking and processing accounts (hereinafter the "Processing Accounts"). Plaintiff is no longer able to access its accounts or the funds located within the Processing Accounts.

14. Defendant married an executive and owner of DWP and DMG. Defendant is now separated from said executive and owner, and has initiated

 

1  divorce proceedings. Plaintiffs are informed and believe, and thereupon allege, that
2  Defendant has taken control of the Processing Accounts for the improper purpose of
3  funding her divorce and lifestyle pending the dissolution of the marriage.

4      15.   Plaintiffs have made repeated demands upon Defendant to provide
5  Plaintiffs with access to the Processing Accounts, and more importantly, the funds
6  in the Processing Accounts. Defendant has and continues to improperly refuse to do
7  so.

8      16.   Plaintiffs have various recurring monetary obligations which cannot be
9  met so long as Defendant continues to wrongfully restrict access to the Processing
10 Accounts. If these recurring monetary obligations are not met, DWP will be unable
11 to effectively operate the dreammarraige.com website, and DMG's business will
12 cease to exist.

## FIRST CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY
### [By DMG Against Defendant and DOES 1 through 50]

17. Plaintiffs hereby incorporate by reference Paragraphs 1 through 16 as though fully set forth herein.

18. At all times relevant herein, Defendant was a Director of the Board and held the position of Secretary and Treasurer of DMG. By virtue of these positions, Defendant owed a fiduciary duty to DMG, including but not limited to the duty of loyalty, the duty to avoid conflicts of interest, the duty to disclose, and the duty to report and account.

19. Defendant breached her fiduciary duty to DMG by refusing DMG and DWP access to the Processing Accounts or the funds located in the Processing Accounts, such that DMG is now unable to meet obligations due and owing in order to sustain its ongoing business and the dreammarriage.com website.

 

20. As a direct and proximate result of Defendant's breach as described above, DMG's business has and continues to suffer, and DMG has been damaged in amount according to proof, which DMG cannot presently obtain due to the fact that Defendant has intentionally restricted DMG's access to the Processing Accounts, however, said damages are believed to be in excess of $1,000,000.

21. Defendant has threatened to continue to restrict access to the Processing Accounts and withhold the funds in the Processing Accounts, which conduct and activities, unless restrained and enjoined by this court, will cause irreparable harm to DMG in an amount which cannot be calculated in terms of money, in that DMG will be unable to meet its ongoing obligations, and as a result, will be precluded from continuing with its business and be unable to maintain and operate the dreammarriage.com website, which DMG has developed over many years through its own expense and effort.

## SECOND CAUSE OF ACTION
## NEGLIGENCE: BREACH OF DUTY OF CARE
### [By DMG Against Defendant and DOES 1 through 50]

22. Plaintiffs hereby incorporate by reference Paragraphs 1 through 21 as though fully set forth herein.

23. At all times relevant herein, Defendant was a Director of the Board and held the position of Secretary and Treasurer of DMG. By virtue of these positions, Defendant owed a duty of care to DMG, including but not limited to the duty to exercise reasonable business judgment in the discharge of her duties as a director and officer of DMG.

24. Defendant breached her duty of care to DMG by refusing DMG access to the Processing Accounts or the funds located in the Processing Accounts, such that DMG is now unable to meet obligations due and owing in order to sustain its ongoing business and the dreammarriage.com website.

25. As a direct and proximate result of Defendant's breach as described above, DMG's business has and continues to suffer, and DMG has been damaged in amount according to proof, which DMG cannot presently obtain due to the fact that Defendant has intentionally restricted DMG's access to the Processing Accounts, however, said damages are believed to be in excess of $1,000,000.

26. Defendant has threatened to continue to restrict access to the Processing Accounts and withhold the funds in the Processing Accounts, which conduct and activities, unless restrained and enjoined by this court, will cause irreparable harm to DMG in an amount which cannot be calculated in terms of money, in that DMG will be unable to meet its ongoing obligations, and as a result, will be precluded from continuing with its business and be unable to maintain and operate the dreammarriage.com website, which DMG has developed over many years through its own expense and effort.

## THIRD CAUSE OF ACTION
## CONVERSION
### [By Plaintiffs Against Defendant and DOES 1 through 50]

27. Plaintiffs hereby incorporate by reference Paragraphs 1 through 26 as though fully set forth herein.

28. The Processing Accounts, and the funds contained in the accounts, have been and continue to be the sole and exclusive property of DMG, subject to the exclusive management of DWP.

29. Defendant has taken possession of, and has prevented Plaintiffs from accessing the Processing Accounts and the funds contained therein. Defendant has refused to permit Plaintiffs to utilize the Processing Accounts, or the funds therein, to operate the business or the dreammarriage.com website.

 

30. Defendant did not have, and presently does not have, any right to ownership, possession, or use of the Processing Accounts or the funds contained in the Processing Accounts.

31. Defendant's willful retention of possession, and continued exercise of dominion and control, over the Processing Accounts, and the funds therein, constitutes a substantial, wrongful, and tortious act.

32. As a direct and proximate result of Defendant's conversion, Plaintiffs have been damaged in amount according to proof, which Plaintiffs cannot presently obtain due to the fact that Defendant has intentionally prevented Plaintiffs from accessing the Processing Accounts, however, said damages are believed to be in excess of $1,000,000.

33. Defendant has threatened to continue to restrict access to the Processing Accounts and withhold the funds in the Processing Accounts, which conduct and activities, unless restrained and enjoined by this court, will cause irreparable harm to Plaintiffs in an amount which cannot be calculated in terms of money, in that DMG will be unable to meet its ongoing obligations, and as a result, will be precluded from continuing with its business and be unable to maintain and operate the dreammarriage.com website, which DMG, at the direction and management of DWP, has developed over many years through its own expense and effort.

34. Plaintiffs intend to request that this Court temporarily enjoin Defendant from transferring or withdrawing the funds in the Processing Account, or otherwise impairing or encumbering the Processing Accounts or the funds therein, until such time as Plaintiffs have had the opportunity to seek the appropriate provisional relief.

35. Plaintiffs are informed and believe, and thereupon allege, that Defendant undertook the alleged actions and/or omissions herein with malice and a conscious disregard for the rights of Plaintiffs and others, for the sole purpose of benefitting herself, to the direct and substantial detriment of Plaintiffs and the

 

continuing business of dreammariage.com. Defendant has ignored her duties as an officer and director of DMG, and has utilized her position with DMG as a conduit through which her misconduct was perpetrated. Plaintiffs are further informed and believe, and thereupon allege, that Defendant is aware that her conduct is irreversibly damaging DMG's business, and DWP's ability to effectively manage the business, but has continued her wrongful possession of the Processing Accounts for her own personal benefit. Therefore, Plaintiffs are entitled to an award of exemplary and punitive damages against Defendant in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## CLAIM AND DELIVERY
### [By Plaintiffs Against Defendant and DOES 1 through 50]

36. Plaintiffs hereby incorporate by reference Paragraphs 1 through 35 as though fully set forth herein.

37. Defendant is presently in possession of, and is exercising dominion and control over the Processing Accounts and the funds therein.

38. Plaintiffs are entitled to immediate possession of the Processing Accounts and the funds therein.

39. Defendant's willful retention of possession, and continued exercise of dominion and control, over the Processing accounts, and the funds therein, constitutes a substantial, wrongful, and tortious act.

40. Plaintiffs are thus entitled to the immediate return of the Processing Accounts and the funds therein.

41. Defendant has threatened to continue to restrict access to the Processing Accounts and withhold the funds in the Processing Accounts, which conduct and activities, unless restrained and enjoined by this court, will cause irreparable harm to Plaintiffs in an amount which cannot be calculated in terms of

 

money, in that DMG will be unable to meet its ongoing obligations, and as a result, will be precluded from continuing with its business and be unable to maintain and operate the dreammarriage.com website, which DMG, at the direction and management of DWP, has developed over many years through its own expense and effort.

42. Plaintiffs intend to request that this Court temporarily enjoin Defendant from transferring or withdrawing the funds in the Processing Account, or otherwise impairing or encumbering the Processing Accounts or the funds therein, until such time as Plaintiffs have had the opportunity to seek the appropriate provisional relief.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH EXISTING CONTRACT
[By DWP Against Defendant and DOES 1 through 50]

43. Plaintiffs hereby incorporate by reference Paragraphs 1 through 42 as though fully set forth herein.

44. DWP entered into the Management Agreement with DMG, and by virtue of that agreement, receives a management fee based upon the revenues generated by dreammarriage.com.

45. Despite having knowledge of the Management Agreement, Defendant has intentionally interfered and disrupted the Management Agreement, and DWP's ability to perform pursuant to the Management Agreement, by refusing to permit DWP access to the Processing Accounts, or the funds therein.

46. As a direct and proximate result of Defendant's interference, DWP has incurred actual and consequential damages in an amount according to proof, but believed to be in excess of $750,000.

47. Plaintiffs are informed and believe, and thereupon allege, that Defendant undertook the alleged actions and/or omissions herein with malice and a conscious disregard for the rights of Plaintiffs and others, for the sole purpose of

<mark>
<mark>
<mark><mark>
<mark>

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

<mark>
<mark>
<mark>
<mark>
<mark>

<mark><mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

<mark>
<mark>
<mark>
<mark>

<mark>

<mark>
<mark>
<mark>
<mark>
<mark>

<mark>

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

 

benefitting herself, to the direct and substantial detriment of Plaintiffs and the continuing business of dreammariage.com. Defendant has ignored her duties as an officer and director of DMG, and has utilized her position with DMG as a conduit through which her misconduct was perpetrated. Plaintiffs are further informed and believe, and thereupon allege, that Defendant is aware that her conduct is irreversibly damaging DMG's business, and DWP's ability to effectively manage the business, but has continued her wrongful possession of the Processing Accounts for her own personal benefit. Therefore, Plaintiffs are entitled to an award of exemplary and punitive damages against Defendant in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE
### [By DMG Against Defendant and DOES 1 through 50]

48. Plaintiffs hereby incorporate by reference Paragraphs 1 through 47 as though fully set forth herein.

49. DMG has a reasonable expectation of continuing to maintain its business, the dreammarriage.com website, and specifically the customers and vendors that DMG has spent the last several years developing.

50. Despite having knowledge of DMG's ongoing business with its customers and vendors, and that DMG's continued relationship with these customers is dependent upon DMG's ability to access the Processing Accounts, and the funds therein, Defendant has intentionally interfered with and disrupted DMG's existing and prospective relationships with its customers, and DMG's ability to continue maintaining and operating the dreammarriage.com website, by refusing to permit DMG, and its appointed manager, DWP, access to the Processing Accounts, or the funds therein.

 

51. In furtherance of Defendant's intentional efforts to disrupt DMG's business Defendant has breached the various duties which she owed to DMG as an officer and director, and therefore, Defendant's conduct is wrongful beyond the act of interference itself.

52. As a direct and proximate result of Defendant's interference, DMG's business has and continues to suffer, and DMG has incurred actual and consequential damages in an amount according to proof, but believed to be in excess of $5,000,000.

53. Plaintiffs are informed and believe, and thereupon allege, that Defendant undertook the alleged actions and/or omissions herein with malice and a conscious disregard for the rights of Plaintiffs and others, for the sole purpose of benefitting herself, to the direct and substantial detriment of Plaintiffs and the continuing business of dreammariage.com. Defendant has ignored her duties as an officer and director of DMG, and has utilized her position with DMG as a conduit through which her misconduct was perpetrated. Plaintiffs are further informed and believe, and thereupon allege, that Defendant is aware that her conduct is irreversibly damaging DMG's business, and DWP's ability to effectively manage the business, but has continued her wrongful possession of the Processing Accounts for her own personal benefit. Therefore, Plaintiffs are entitled to an award of exemplary and punitive damages against Defendant in an amount to be determined at trial.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

 

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF
### [By Plaintiff Against Defendant and DOES 1 through 50]

54. Plaintiffs hereby incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

55. A dispute has arisen and an actual controversy now exists as between Plaintiffs, on the one hand, and Defendant, on the other hand, concerning their respective rights in and to the Processing Accounts, and the funds therein.

56. A declaration of rights is therefore necessary and appropriate at this time in order that Plaintiff may ascertain its rights and duties as follow: that DMG is entitled to ownership of the Processing Accounts, and DWP is entitled to unfettered access and management of the Processing Accounts and the funds therein, and that Defendant is prohibited from accessing or otherwise exercising control over the Processing Accounts or the funds contained therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant, and DOES 1 through 50, and each of them, jointly and severally, as follows:

1. For actual damages, compensatory, and exemplary in an amount according to proof;
2. For a temporary restraining order, a preliminary injunction, or any other provisional relief as requested herein or as the Court deems just and proper;
3. For costs of suit herein;
4. For prejudgment interest at the legal rate;
5. For attorney's fees and costs, where recoverable;

6. For declaratory relief as requested herein; and

7. For such other and further relief as the Court deems just and proper.

Dated: October 16, 2013

WATTS LAW APLC
Attorneys at Law

By: /s/ Aaron C. Watts

AARON C. WATTS
Attorneys for Plaintiffs DREAM MARRIAGE GROUP, INC. and DREAM WORLD PARTNERS, INC.

---

13
COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on the Complaint filed by Plaintiff in the above-entitled action.

Dated: October 16, 2013

WATTS LAW APLC
Attorneys at Law

By: /s/ Aaron C. Watts
AARON C. WATTS
Attorneys for Plaintiffs DREAM MARRIAGE GROUP, INC. and DREAM WORLD PARTNERS