EXHIBIT 7

Bradley Schrager, Esq.
Nevada State Bar No. 10217
Daniel Bravo, Esq.
Nevada State Bar No. 13078
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200/Fax: (702) 341-5300
Email: bschrager@wrslawyers.com

*Attorney for Defendant Anastasia Popova*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ILIA N. ZAVIALOV, in the right of and for the benefit of DREAM MARRIAGE GROUP, INC., | Case No: |
| | District Court Case No.: A-13-690188-C |
| Plaintiff, | District Court Dept No.: XXX |
| vs. | |
| ANASTASIA POPOVA, DOES 1 through 50, Inclusive, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| Defendants, | |
| -and- | |
| DREAM MARRIAGE GROUP, INC., | |
| Nominal Party. | |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEVADA:

Please take notice that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant

Anastasia Popopva (hereinafter "Defendant") by and through her undersigned counsel, hereby

1

1  removes this action from the Eighth Judicial District Court of Clark County, Nevada, to the United

2  States District Court for the District of Nevada. The jurisdictional basis for removal is diversity of

3  citizenship pursuant to 29 U.S.C. § 1332(a). In support of removal, Defendant states as follows:

4  **I.   THE REMOVED ACTION**

5       1.   On October 15, 2013, Plaintiff Ilia N. Zavialov (hereinafter "Plaintiff") filed the

6  instant action in in the Eighth Judicial District Court of Clark County, Nevada (Case No. A-13-

7  690188-C, the "State Action"). A true and correct copy of the Verified Complaint and Summons

8  of the State Action are attached hereto as **Exhibit A**.

9       2.   Plaintiff, derivatively on behalf of Dream Marriage Group, Inc., seeks damages for

10 the causes of action of (1) Conversion, (2) Intentional Breach of Fiduciary Duty, (3) Negligent

11 Breach of Fiduciary Duty, (4) Gross Negligence and Mismanagement, (5) Negligence, and (6)

12 Unjust Enrichment against Defendant.

13      3.   The Complaint and Summons were served upon Defendant by process server on

14 October 15, 2013, which is the date on which Defendant first became aware of this action.

15      4.   Defendant is informed and believes, according to the Eighth Judicial District Court

16 docket, a true and correct copy is attached hereto as **Exhibit B**, that no other pleadings have

17 occurred in this matter in the Eighth Judicial District Court apart from the filing of the above-

18 referenced pleadings.

19 **II.   GROUNDS FOR REMOVAL**

20      **A.   Diversity Jurisdiction Exists in this Action**

21      5.   The State Action is removable pursuant to 28 U.S.C. § 1441(a) because the district

22 courts of the United States have original jurisdiction over this action. Specifically, this Court has

23 diversity jurisdiction over the State Action pursuant to 28 U.S.C. § 1332(a) because the State

24 Action is between citizens of different states and the matter in controversy exceeds the statutory

25 sum or value of $75,000.00, exclusive of interests and costs.

26      6.   According to the Verified Complaint, as of the filing of the Verified Complaint and

27 at all times thereafter, Plaintiff is a citizen of the State of Washington. As of the filing of the

28

1   Verified Complaint and at all times thereafter, Defendant is a citizen of the State of California.

2   7.   While the Verified Complaint is also brought against Dream Marriage Group, Inc.,

3   a nominal party, pursuant to 28 U.S.C. § 1446(a), nominal, unknown or fraudulently joined parties

4   need not join in the petition for removal. *See United Computer Sys., Inc. v. AT & T Corp.*, 298

5   F.3d 756, 762 (9th Cir. 2002)(holding "the 'rule of unanimity' does not apply to 'nominal,

6   unknown or fraudulently joined parties'"); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.

7   1986). Furthermore, the docket does not indicate that this nominal defendant has been served with

8   the Verified Complaint or that summons has issued to effect service. *See* Ex. B. Alternatively,

9   consent of an un-served defendant is not required where its absence is explained in the removal

10   papers. *See Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984)

11   (noting "a party not served need not be joined" in a petition for removal).

12   8.   Accordingly, pursuant to 28 U.S.C. § 1332(a), complete diversity jurisdiction exists

13   between all active parties to this litigation.

14   **B.   The Jurisdictional Amount is Satisfied**

15   9.   The removing Defendant bears the burden of proving a preponderance of the

16   evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins.*

17   *Co.*, 116 F.3d 373, 376 (9th Cir. 1997). If it is "facially apparent" from the complaint that the

18   plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded

19   "only if it appears to a legal certainty that the claim is actually for less than the jurisdictional

20   minimum." *Davis v. Advanced Care Techs, Inc.*, 2007 U.S. Dist. LEXIS 32348 at *3 (E.D. Cal.

21   2007) (quoting *Singer*, 116 F.3d at 376).

22   10.   Here, it is facially apparent from the nature of Plaintiff's Verified Complaint that

23   the amount in controversy exceeds $75,000.00. The Verified Complaint alleges "Defendant has

24   diverted approximately $1,200,00.00, of which $740,000.00 is liquid cash" that Plaintiff seeks to

25   recover. *See* Ex. A. Accordingly, 28 U.S.C. § 1332(a) is satisfied.

26   **C.   Venue is Proper in this Court**

27   11.   Pursuant to 28 U.S.C. § 1441(a), venue on removal is proper in this Court because

28

1507878.1                                         3

1  the United States District Court for the District of Nevada embraces the Eighth Judicial District

2  Court of Clark County, Nevada, where the action was first filed. Defendant, however, reserves the

3  right to file a motion to transfer this case to another venue pursuant to 28 U.S.C. § 1404(a), and

4  does not waive her right to do so.

5      **D.      Notice of Removal is Timely**

6      12.      On October 15, 2013, Plaintiff filed his Verified Complaint against Defendant. The

7  Complaint and Summons were served to Defendant by process server on October 15, 2013.

8      13.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was

9  filed within thirty days of Defendant's receipt of the initial pleadings.

10     **E.      Consent to Removal is Not Required**

11     14.      Plaintiff also brought claims against fictitious defendants Does 1 through 50,

12  inclusive. *See* Ex. A. Plaintiff has declared these defendants as "unknown" to Plaintiff and

13  therefore sued under "fictitious names." Under 28 U.S.C. § 1441(a), fictitious names "shall be

14  disregarded" for purposes of removal. Therefore, consent for removal is not required from the Doe

15  defendants. *See* 28 U.S.C. § 1441(a); *see also Hewitt*, 798 F.2d at 1233.

16     15.      As stated in Paragraph 7 herein, Dream Marriage Group, Inc. is a nominal

17  defendant whose citizenship is disregarded as a matter of law for purposes of removal on grounds

18  of diversity jurisdiction and whose consent for removal is not required. *See* 28 U.S.C. § 1441(a);

19  *see also Hewitt*, 798 F.2d at 1233.

20  **III.    SERVICE OF NOTICE OF REMOVAL**

21     16.      Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a notice to the Eighth Judicial

22  District Court of Clark County, Nevada, of the filing of the Notice of Removal ("Notice of

23  Filing") contemporaneously with the filing of this Notice of Removal. The Notice of Filing

24  satisfies the requirements of 28 U.S.C. § 1446(d).

25  **IV.    PLEADINGS AND PROCESS**

26     17.      As required by 28 U.S.C. § 1446(a), Defendant has attached copies of all state

27  court process and pleadings to this Notice of Removal. *See* Ex. A.

28

1507878.1                                    4

1   18.   A copy of this Notice of Removal is being served upon Plaintiff

2   contemporaneously. A copy of this Notice of Removal is being filed with the clerk of the Eighth

3   Judicial District Court of Clark County, Nevada.

4   19.   Nothing in this Notice of Removal shall be interpreted as a waiver or

5   relinquishment of Defendant's right to assert any defense or affirmative matters including, but not

6   limited to, the defenses of lack of jurisdiction over the person, improper venue, insufficiency of

7   process, insufficiency of service of process, failure to state a claim or any other procedural or

8   substantive defense available to Defendant.

9   20.   This Notice of Removal is submitted to the United States District Court for the

10   District of Nevada subject to the Federal Rules of Civil Procedure and is signed pursuant to

11   Fed.R.Civ.P. 11.

12   **V.   <u>CONCLUSION</u>**

13   WHEREFORE, having met all the requirements for removal under 28 U.S.C. § 1441 and

14   1446, including all the jurisdictional requirements of 28 U.S.C. § 1332, Defendant gives notice

15   that it has removed the above-captioned case to the United States District Court, District of

16   Nevada.

17   DATED this 13th day of November, 2013.

18

19   **WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

20   By:   */s/ Bradley Schrager, Esq.*

21   Bradley Schrager, Esq.
Nevada State Bar No. 10217

22   Daniel Bravo, Esq.
Nevada State Bar No. 13078

23   WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

24   3556 E. Russell Road, 2nd Floor

25   Las Vegas, Nevada 89120-2234

26   *Attorney for Defendant Anastasia Popova*

27

28

1507878.1                                5

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that I am an employee of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP,

3

and that on the 13th day of November, 2013, I served a true and correct copy of the foregoing

4

NOTICE OF REMOVAL OF CIVIL ACTION upon all counsel of record by electronically serving

5

the document using the Court's electronic filing system.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By    /S/ Christie Rehfeld
Christie Rehfeld, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP

1507878.1                              6

# EXHIBIT "A"

# EXHIBIT "A"

1  SUMM
   **ALBRIGHT, STODDARD, WARNICK**
2  **& ALBRIGHT**
   G. MARK ALBRIGHT, ESQ.
3  Nevada Bar No. 001394
   Quail Park 1, Suite D-4
4  801 South Rancho Drive
   Las Vegas, NV 89106
5  Tel:   (702) 384-7111
   Fax:   (702) 384-0605
6  gma@albrightstoddard.com
   *Attorneys for Plaintiff*

7

8                        **DISTRICT COURT**

9                    **CLARK COUNTY, NEVADA**

10
   Ilia N. Zavialov, i the right of and for the benefit     CASE NO.:   A-13-690188-C
11 of Dream Marriage Group, Inc.,                            DEPT. NO.:   XXX

12                        Plaintiff,

13 vs.                                                       **SUMMONS (ANASTASIA POPOVA)**

14 Anastasia Popova, Does 1 through 50, inclusive,

15                        Defendants,

16 and

17 Dream Marriage Group, Inc.,

18                        Nominal Party.

19

20 **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR**
   **BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**
21
   TO THE DEFENDANT **ANASTASIA POPOVA, an individual**: A civil Complaint has been filed by the
22 Plaintiff(s) against you for the relief set forth in the Complaint.

23 This is a Shareholder Derivative Action for Damages, Preliminary and Permanent Injunction, and Receivership.

24      1.      If you intend to defend this lawsuit, within **20 days** after this Summons is served on you,
   exclusive of the day of service, you must do the following:
25
           a.      File with the Clerk of this Court, whose address is shown below, a formal written
26             response to the Complaint in accordance with the rules of the Court, with the
               appropriate filing fee.
27         b.      Serve a copy of your response upon the attorney whose name is shown below.

28

   G:\Mark\00-MATTERS\Dream Marriage Group\Summons Popova 101513.wpd

2.     Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advise of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members, and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted By:

_____
G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 1394
801 South Rancho Drive., Suite D-4
Las Vegas, Nevada 89106
(702) 384-7111
*Attorneys for Plaintiff*

CLERK OF THE COURT

LISAMARIE VAQUEROOURT

By: _____
    Deputy Clerk
    Regional Justice Center
    200 Lewis Avenue
    Las Vegas, Nevada 89155

Date
OCT 1 5 2013

DISTRICT COURT SEAL

NOTE:     When service is by publication, add a brief statement of the object of the action.
          See Rules of Civil Procedure 4 (b).

STATE OF _____ )
                         ) ss.
COUNTY OF _____ )

AFFIDAVIT OF SERVICE

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.   That affiant received _____ copy (ies) of the Summons and Complaint in the above captioned matter on the _____ day of _____, 2013, and served the same on the _____ day of _____, 2013, by:

(Affiant must complete the appropriate paragraph)

1.     Delivering and leaving a copy with the Defendant _____ at (state address) _____

2.     Serving the Defendant _____, by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____

(Use paragraph 3 for service upon agent, completing A or B)

3.     Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____

       a.     With _____ as _____, an agent lawfully designated by statute to accept service of process;

-2-

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

b.   With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.   Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

_____ Ordinary mail
_____ Certified mail, return receipt requested
_____ Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is (state address) _____

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

_____
Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

_____
Signature of person making service

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

A-13-690188-C

XXX

CIVIL COVER SHEET
Clark County, Nevada
Case No.
*(Assigned by Clerk's Office)*

## I.   Party Information

Plaintiff(s) (name/address/phone): Ilia N. Zavialov, in the right of and for the benefit of Dream Marriage Group, Inc.

Attorney (name/address/phone): 702-384-7111
G. MARK ALBRIGHT, ESQ #1394.
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
801 S. RANCHO DR., STE. D-4
LAS VEGAS, NV 89106

Defendant(s) (name/address/phone): Anastasia Popova, Does 1 through 50, inclusive,

Attorney (name/address/phone):

## II.   Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ Arbitration Requested

### Civil Cases

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | Negligence | **Product Liability** |
| ☐    Unlawful Detainer | | ☐    Product Liability/Motor Vehicle |
| ☐ **Title to Property** | ☐ **Negligence - Auto** | ☐    Other Torts/Product Liability |
| ☐    Foreclosure | ☐ **Negligence - Medical Dental** | ☐ **Intentional Misconduct** |
| ☐    Liens | ☐ **Negligence - Premises Liability** | ☐    Torts/Defamation (Libel/Slander) |
| ☐    Quiet Title | ☐ **Negligence - Other** | ☐    Interfere with Contract Rights |
| ☐    Specific Performance | | ☐ **Employment Torts** (Wrongful termination) |
| ☐ **Condemnation/Eminent Domain** | | ☐ **Other Torts** |
| ☐ **Other Real Property** | | ☐    Anti-trust |
| ☐    Partition | | ☐    Fraud/Misrepresentation |
| ☐    Planning/Zoning | | ☐    Insurance |
| | | ☐    Legal Tort |
| | | ☐    Unfair Competition |

| Probate | Other Civil Filing Types | |
|---|---|---|
| ☐ **Summary Administration** | ☐ **Construction Defect** | ☐ **Appeal from Lower Court** *(also check applicable civil case box)* |
| ☐ **General Administration** | ☐ **Breach of Contract** | ☐    Transfer from Justice Court |
| ☐ **Special Administration** | ☐    Building & Construction | ☐    Justice Court Civil Appeal |
| ☐ **Set Aside Estates** | ☐    Insurance Carrier | ☐ **Civil Writ** |
| ☐ **Probate Trust/Conservatorships** | ☐    Commercial Instrument | ☐    Other Special Proceeding |
| ☐ **Other Probate** | ☐    Other Contracts/Acct/Judgment | ☐ **Other Civil Filing** |
| | ☐    Collection of Actions | ☐    Compromise of Minor's Claim |
| | ☐    Employment Contract | ☐    Conversion of Property |
| | ☐    Guarantee | ☐    Damage to Property |
| | ☐    Sale Contract | ☐    Employment Security |
| | ☐    Uniform Commercial Code | ☐    Enforcement of Judgment |
| | ☐ **Civil Petition for Judicial Review** | ☐    Foreign Judgment - Civil |
| | ☐    Other Administrative Law | ☐    Other Personal Property |
| | ☐    Department of Motor Vehicles | ☐    Recovery of Property |
| | ☐    Employer's Insurance of Nevada | ☒    Stockholder Suit |
| | | ☐    Other Civil Matters |

## III.   Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only*.)

| | | |
|---|---|---|
| ☐ NRS Chapters 78-88 | ☐ Investments (NRS 104B) | ☐ Enhanced Case Mgmt/Business |
| ☐ Commodities (NRS 90) | ☐ Deceptive Trade Practices (NRS 598) | ☐ Other Business Court Matters |
| ☐ Securities (NRS 90) | ☐ Trademarks (NRS 600A) | |

Date    Oct. 13

Signature of initiating party or representative

Electronically Filed
10/15/2013 10:44:11 AM

*[signature]*

CLERK OF THE COURT

1  COMP
ALBRIGHT, STODDARD, WARNICK
2  & ALBRIGHT
G. Mark Albright, Esq.
3  Nevada Bar No. 001394
Quail Park 1, Suite D-4
4  801 South Rancho Drive
Las Vegas, Nevada 89106
5  Tel: 702-384-7111
Fax: 702-384-0605
6  Email: gma@albrightstoddard.com
7  Attorney for Plaintiffs

8

9                    **NEVADA DISTRICT COURT**
                        **CLARK COUNTY**
10

11

12  Ilia N. Zavialov, in the right of and
for the benefit of Dream Marriage          Case No. A- 13 - 690188 - C
13  Group, Inc.
                                            Department No.   XXX
14

15            Plaintiff                     **SHAREHOLDER DERIVATIVE ACTION**
                                            **FOR DAMAGES, PRELIMINARY AND**
16  v.                                      **PERMANENT INJUNCTION, AND**
                                            **RECEIVERSHIP**
17  Anastasia Popova, Does 1
through 50, inclusive,
18
                                            Jury Trial Demanded
19            Defendants

20  -and-

21  Dream Marriage Group, Inc.             **EXEMPT FROM ARBITRATION: SEEKS**

22            Nominal Party                **EQUITABLE OR EXTRAORDINARY RELIEF**

23

24      Plaintiff Ilia N. Zavialov, derivatively on behalf of Dream Marriage Group, Inc., alleges:

25

26

27

28

- 1 -

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

## INTRODUCTORY ALLEGATIONS

1.   Ilia N. Zavialov, derivatively on behalf of Dream Marriage Group, Inc. ("Plaintiff") is a resident of Washington State and has been a holder in good standing of the common voting stock of nominal party Dream Marriage Group, Inc. ("Dream Marriage" or "corporation") since 2006. Ilia N. Zavialov is also the President, Secretary, and a director of Dream Marriage. Ilia N. Zavialov is currently married to Defendant Anastasia Popova.

2.   As a current stockholder of Dream Marriage during the periods in which the wrongdoings as alleged herein have occurred, Ilia N. Zavialov has standing to assert these claims on behalf of the corporation and will fairly and adequately protect the interests of the corporation and its other shareholders.

3.   Defendant Anastasia Popova ("Defendant") is an individual residing at 7225 Crescent Park West, Apartment 147, Playa Vista, California. Defendant is the Treasurer as well as a director and shareholder of Dream Marriage.

4.   Nominal party Dream Marriage Group, Inc. is a Nevada domestic for profit corporation in good standing, which in relation to the above-described judicial district, maintains one of its offices at 7473 W. Lake Mead Blvd., Las Vegas, Nevada.

5.   The true names and capacities of Defendants DOES 1 through 50 inclusive are unknown and therefore said Defendants are sued by such fictitious names.   Leave of Court to amend this Complaint to show the true names and capacities will be made when the same have been ascertained.   All of said fictitiously named Defendants are in some manner responsible for the acts, omissions, and obligations incurred herein.

6.   At all times herein mentioned, each Defendant, including Does 1 through 50, inclusive was the agent and employee of the other Defendants and was acting within the course and scope of that agency and employment in the actions as alleged herein. In committing the wrongful acts particularized herein, defendants have pursued or joined in the pursuit of a common course of conduct, and have acted in concert with one another in furtherance of their common plan or design. In addition to the wrongful conduct particularized herein as giving rise to primary liability, defendants further aided and abetted and/or assisted each other in breach of their respective duties.

Each of the defendants aided and abetted and rendered substantial assistance in the wrongs detailed herein. In taking such actions to substantially assist the commission of the wrongdoing detailed herein, each defendant acted with knowledge of the primary

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-U
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

1  wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was

2  aware of his, her, or its overall contribution to and furtherance of the wrongdoing.

3       7.    Personal jurisdiction over Defendant is proper in the State of Nevada for the

reasons that Defendant is: a) an officer, director, and shareholder of Dream Marriage

4  which is a corporation domiciled in this State, b) has in the past conducted substantial

5  business operations and activity in this state, including but not limited to operation of the

6  web site known as www.dream-marriage.com, c) has been physically present, from time

7  to time, in this State in the conduct of that business.

       8.    Venue is proper under Nevada Revised Statutes Section 13.010(1) in this judicial

8  district in that some of the contractual and statutory obligations of Defendant as a

9  shareholder, director, and officer of Dream Marriage were incurred in Las Vegas,

10  Nevada. In addition, in that same corporate capacity, Defendant's obligations were to be

11  performed for the corporation in this judicial district. In addition, under NRS Section

12  13.040, since Defendant does not reside in any county of Nevada, venue is proper in any

13  county which the Plaintiff may designate in the complaint.

14                        **OBLIGATIONS AND DUTIES OF DEFENDANT**

15       9.    By reason of Defendant's position as director, shareholder and officer of the

16  corporation, and because of her ability to control the business, she owed the corporation

17  and its shareholders the duty to exercise due care and diligence in the management and

18  administration of the affairs of the corporation and in the use and preservation of its

19  property and assets; the duty of loyalty, to put the interests of the corporation above her

20  own financial interests; and the duty of candor, including full and candid disclosure of all

21  material facts related thereto.  The conduct of Defendant complained of herein involves

22  knowing violations of her duties as a director, officer, and shareholder of the corporation,

23  and the absence of good faith on her part, poses a risk of serious injury to the

24  corporation.

25  

26     10.  To discharge these duties, Defendant was required to exercise reasonable and

27  prudent supervision over the management, policies, practices, controls, and financial and

28  corporate affairs of the corporation.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

11.   Defendant breached her duties of loyalty, full disclosure, due care and/or good faith as more particularly described in the causes of action set forth below.

## DERIVATIVE ACTION DEMAND

12.   Ilia N. Zavialov brings this action derivatively in the right and for the benefit of Dream Marriage to redress the injuries suffered, and to be suffered, by the corporation as a direct result of the breach of fiduciary duty, conversion of corporate income, and unjust enrichment, alleged herein. The corporation is named as a nominal defendant solely in a derivative capacity.

13.   On or about October 7, 2013, Ilia N. Zavialov derivatively on behalf of the corporation served the Defendant with a Demand for Corporate Action, a copy of which is attached hereto as Exhibit "A". That Demand requested that Defendant cease and desist any further wrongful activity or confirm her consent to participate in bringing an action on behalf of the corporation to address these wrongdoings and damages. As of the date of this Complaint, Defendant has failed and refused to comply.

## FACTUAL BACKGROUND

*Proven Success of Dream Marriage:*

14.   Plaintiff and Defendant were married in Bristow, Virginia on or about May 1, 2003.

15.   In 2003, Plaintiff and Defendant conceived and put into operation a general partnership under the name of Dream Marriage, initially as an unincorporated entity. This business consisted of an international dating service involving a website format and specializing in the matching and introductions of eligible Russian and Ukrainian women for both dating and potential marriage.

16.   On November 29, 2006, Plaintiff and Defendant incorporated Dream Marriage as a domestic for-profit Nevada corporation.

17.   From and after 2003, Plaintiff and Defendant jointly devoted substantial time, energy, money, property, expenses, and resources to the development and expansion of Dream Marriage. This included, but was not limited to: 1) creating, developing, coding, marketing, maintaining, and operating the primary international web site known as:

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

- 4 -

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

1   www.dream-marriage.com., 2) setting up international offices, including secondary
2   branch offices in Consett, Great Britain, Charleston, Nevis, West Indies, and Las Vegas,
3   Nevada, with over 500 other cooperating offices (primarily in Russia and the Ukraine), 3)
4   hiring website creators, developers, marketers, and coders, 4) hiring substantial numbers
5   of employees to maintain the business, currently numbering 43, 5) hiring subcontractors
6   for the purpose of maintaining the website, legal and technical support, design
7   development and implementation, 6) establishing relationships with major vendors for the
8   purposes of merchant accounts, hosting services, industry conventions, 7) establishing
9   affiliate and referral sources consisting of internet marketers and networks around the
10  globe, 8) establishing and promoting the business through social media, including
11  Facebook, Twitter, blogs, and YouTube, 9) securing valuable reputation and goodwill
12  internationally, including a respected client base, 10) creating sustained profitability, 11)
13  developing valuable proprietary and confidential information and trade secrets, 12)
14  creating and sustaining valuable international trademark and trade name protection, and
15  13) establishing domestic branding with live customer service and local domestic
16  operations to protect the consumer. As a result of these efforts, said business has
17  become one of the world's leading online international dating services.

18.  Revenue from Dream Marriage comes primarily from online user payments
through major credit cards and PayPal. In turn, that income is deposited into business
bank accounts. Signatories to these accounts consists of Ilia N. Zavialov and Defendant.
Under standard accounting principles, gross revenues are disbursed for business
purposes, including: website expenses, marketing, advertising, employee salaries and
benefits, subcontractor expenses, vendors, rent, utilities, office expenses, repairs and
maintenance, licenses, supplies, commissions, travel and entertainment, insurance, legal
and accounting, and international cooperates known as agencies (collectively "business
expenses").

19.  Timely payment of business expenses is necessary for the continued
maintenance and promotion of the business. Indeed, the very survival of said business
depends upon such timely payment. Further, in the competitive international dating
market, especially online, reputation, credibility, customer base, goodwill, and search
engine placement, are fragile—dependent on a current, professional, on-time, quality
customer service interface, and an uninterrupted Internet presence. The Internet dating
market is also such that if such a business were to become impaired, degraded,

- 5 -

diminished, or inoperative for any substantial period of time, it would be extremely difficult to regain its profitable status.

20.   Due to the hard work devoted to the business by Plaintiff and Defendant, it has become a profitable business venture. In particular, the business has experienced net profits for the following fiscal years: 2008, 2009, 2010, 2011, 2012, and 2013.

21.   At all times here mentioned, Plaintiff had every intention of continuing the operation of the business for the indefinite future.  Said Plaintiff also had the intention of expanding the business by entering new and/or different market areas such as American dating site(s), Latin market dating, Asian market dating, African market dating.

22.   By consent and as authorized by the parties and the corporation, Plaintiff and Defendant have agreed that Plaintiff's duties include all financial, corporate and legal management as well as marketing programs and human resources. Also by consent and authorization, the parties have agreed that Defendant's duties include technical supervision and operations of the website, customer service department operations, design and website development and implementation, social media operations, agency relations department, marketing programs, and daily task/operations of the designated departments. The assignment of those duties constitutes a fair, equitable, and productive way to operate the corporation.

23.   Future prospects for said business are excellent and it will continue to capitalize on the keen interest shown internationally for the subject matter.

24.   At all times herein mentioned, Plaintiff acted in fulfilling his duties as President, Secretary, a director, and shareholder in full compliance with the law, corporate minutes, resolutions, bylaws, and in a competent and professional manner. In particular, but not by way of limitation, Plaintiff as President handled the collection and payment of business debts in a reasonable manner and without any acts or omissions constituting derelict of duty, negligence, or misappropriation.

### The Plan of Diversion and Control:

25.   Beginning in approximately mid to late 2009, Plaintiff and Defendant began to experience certain marital differences. Notwithstanding, it was Plaintiff's intention to continue the joint operation of their successful business venture.

-6-

26.   Plaintiff alleges on information and belief that in 2013 Defendant decided she wished to end the marriage. This intent was never fully and timely communicated to Plaintiff.

27.   Defendant thereupon embarked on a scheme that would allow her to file a petition for dissolution of marriage and immediately prior thereto to take steps to seize control of the corporation and its finances, to the exclusion of Plaintiff.

28.   In so doing, Defendant planned to divert and fully control all revenue, including collection, accounting, and disbursement of the money of the corporation.   As such, completely control financial decisions.  In addition, Defendant planned to take steps to assume complete control and decision making of the corporation.

***The Take-Over:***

29.   As the co-owner of Dream Marriage, Defendant had access to private and confidential information about the business. This included, that was not limited to the user names, passwords, account numbers, and codes used to receive and process third-party merchant processing including accounts with PayPal.

30.   Commencing approximately late August of 2013, Defendant went online with the business PayPal account and using the secret coding information, changed the login credentials and access to the account into her sole name and stopped and/or diverted all accounts receivable from the jointly accessible business accounts to either a non-distributing status (meaning the funds were held in such account not used by the business and not accessible by Ilia N. Zavialov) and/or transferable to only accounts designated by Defendant, including an account maintained by the corporate in-house accountant of which Plaintiff did not have access. Defendant thereupon took complete control and management of that account to the exclusion of all other persons.   This enabled Defendant complete control to direct payments and disbursements of the corporation.

With the knowledge and consent of Defendant, prior thereto Plaintiff had the right and responsibility of handling the corporate financial matters, including payment of debts and expenses after receiving PayPal funds into various business accounts of which he was signatory. This allowed Plaintiff to adequately collect and disburse monies either directly to payees or in blocks of money transferred to the account maintained by the in-house accountant (thereby giving directions for disbursements to that accountant). Additionally,

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

1  this allowed Plaintiff to make disbursements for international salaries, affiliates, and credit

2  card statements.

3       As of August of 2013, Defendant secretly diverted without the knowledge and consent

   of Plaintiff, corporate revenues into the account maintained by the in-house account and

4  thereupon assumed complete control by being the sole person directing disbursement.

5  This had the effect of completely excluding Plaintiff and any others from access to funds,

6  ability to make or authorize payments, and his obligations as to the financial matters of

7  the corporation. As a result, Defendant took complete financial control over the

   corporation.

8       31.  In so doing, Defendant acted without the knowledge, consent, or authorization

9  of Plaintiff in order to wrongfully divert all such monies.

10      32.  Plaintiff alleges on information and belief that as of the date of the filing of this

11 Complaint, Defendant has diverted approximately $1,200,000.00, of which $740,000.00

   is liquid cash. Based upon the corporation's past record of receivables, it is anticipated

12 this diversion will continue at the approximate rate of $12,000.00 per day. Defendant

13 conducted such misconduct without any prior court orders or permission.

14      33.  Plaintiff alleges on information belief that notwithstanding the diversion of such

15 funds, Defendant has not adequately provided for the payment of expenses for the

16 ongoing operation of the business, has diverted same improper purposes, and used

17 substantial monies to pay expenses and fees for unauthorized and improvident purposes.

18      34.  Plaintiff alleges on information and belief that Defendant has diverted other

19 income, the nature, extent, and amount according to prove at trial.

20

21      35.  Defendant has not disclosed or reported to Plaintiff how much and to whom

22 disbursements are being made.

23      36.  The diversion and misuse of said business funds has and will continue to

24 detrimentally effect the operation of the business.

25      37.  On September 6, 2013, Defendant as Petitioner filed a Petition for Dissolution of

26 Marriage in the California proceeding described in paragraph 1.

27

28

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

**Count I**
**Conversion**

38.  Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

39.  At all times herein mentioned, the corporation owned and had the right to possession of business revenues, and all accounts receivable from various sources.

40.  Defendant has intentionally and substantially interfered with said revenue sources by:  a) diverting same as more described in paragraph 30, b) exercising unauthorized control and possession, c) preventing Plaintiff and others access, d) preventing Plaintiff and others their rightful input as to how dispursement would be made, and e) other acts of diversion according to proof. Such misconduct constitutes conversion.

41.  All such conversion was done without the knowledge and consent of the other shareholders, officers, and directors of the corporation.

42.  As a direct and proximity result thereof, the corporation has sustained and will continue to sustain significant damages, in amounts according to proof, including but not limited to:

A.  The corporation has been prevented from having the benefit of and access to revenue sources on a regular basis.

B.  The inability to put revenue sources to productive use.

C.  The inability of the corporation to pay necessary bills.

D.  The incurring of penalties and interest.

E.  Losses due to cancellations and refunds.

F.  Loss of interest and lost investment opportunity in the failure to receive full net profits and the ability to put same to productive use.

G.  Loss of the ability to expand and improve the business because of lack of productivity.

H.  Lost profitability of the business, including damages for diminished net profits (past, current, and the present value of future losses).

I.  Diminished fair market value of the corporation as a result of mismanagement.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

J.  Diminished goodwill and reputation of the corporation in the international dating industry and community.

K.  Diminished goodwill and reputation of the corporation as to the users of the corporate web sites.

L.  Principal amounts due, together with penalties and interest, incurred through the U.S. Internal Revenue Service, various state revenue offices, international revenue offices, and other government taxing authorities for the failure to properly pay, report, and file all necessary tax returns on a timely and complete basis.

M.  Damages as a result of the failure to pay required all premiums for insurance, whether liability, property damage, bodily injury, and other business policies, on a timely basis, together with increased cost as a result of reinstatement or higher premiums due to prior cancellations.

N.  Damages as a result of the failure to pay required worker's compensation premiums, on a timely basis, together with increased cost as a result of reinstatement or higher premiums due to prior cancellations.

O.  Losses as a result of diminishing referrals because of unsatisfactory service.

P.  Losses as a result of demands for cancellation or refunds from users due to unsatisfactory service.

Q.  Costs and expenses, including attorney's fees, to defend actions, claims, and proceedings due to unsatisfactory service and breaches of contract.

R.  Impairment of employee relations due to Defendant wrongfully mismanaging the business without the requisite knowledge and skill.

S.  Lost and diminished relationships with vendors, associates, and affiliates.

T.  Losses as a result of the diminished productivity, wasted employee hours, extended overhead, lack of efficiency of employees, and other impact damages according to proof.

U.  Loss of employees, managers and officers, and the cost and expense of replacing same.

V.  Reimbursement for Defendant receiving a salary, draw, and other compensation for performing incompetent services.

W.  Impeding in the smooth and efficient operation of the corporation.

X.  Additional damages according to proof at trial.

43.   In performing these wrongful acts, Defendant acted intentionally, recklessly, fraudulently, despicably, maliciously, and in bad faith; therefore the corporation is entitled to punitive damages.

## Count II
## Intentional Breach of Fiduciary Duty

44.   Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

45.   Defendant owed the corporation certain fiduciary obligations. This includes the highest obligations of good faith, fair dealing, trust, and loyalty.

46.   Defendant has breached her fiduciary duties to the corporation by the following wrongful acts and omissions:

A.   Taking action to gain sole management, decision making, and control of the functions of the corporation.

B.   The misconduct described in paragraph 30, including changing, re-coding, denying access, and making modifications to passwords on the corporate PayPal account so as to assume sole control.

C.   Unnecessarily accumulating and stockpiling the majority of revenues in the corporate PayPal account.

D.   Failing to adequately disperse the majority of funds from the corporate PayPal account into various business checking accounts.

E.   Failing to adequately and timely pay many of the important business debts and expenses for ongoing operations in the ordinary course of business.

F.   Failing to secure consent and approval from other shareholders, officers and directors as to decisions made on behalf of the corporation.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

G.  Failing to give advance notification/disclosure or the holding of meetings as to shareholders, officers, and directors regarding decisions made on behalf of the corporation.

H.  Excluding Ilia N. Zavialov from his rightful operation, participation, management, and other duties as an officer, director, and shareholder.

I.  Preventing Ilia N. Zavialov from supervising, directing, or managing employees and independent contractors. This would include the already existing duties such as hiring, firing, or disciplining employees.

J.  Failing to adequately maintain corporate records.

K.  Failing to pay ongoing insurance premiums.

L.  Failing to pay ongoing tax obligations.

M.  Failing to adequately and timely file tax returns and reports.

N.  Failing to give adequate data and documentation to the corporation accountant.

O.  Failing to adequately supervise corporate employees.

P.  Causing a volatile, unproductive, and a negative work environment for employees and managers.

Q.  Performing Defendant's functions in a negligent manner.

R.  Failing to act as a fiduciary.

S.  Defaming Ilia N. Zavialov to the corporation's employees, vendors, associates, affiliates, and other third parties and entities.

T. Denying Ilia N. Zavialov access to corporate records, accounts, and operations.

U.  Instructing and encouraging employees not to deal with, contact, or communicate with Ilia N. Zavialov.

V.  Taking corporate action without the required shareholder's and director's meetings.

W. Receiving compensation from the corporation, whether by way of salary, draw, or other forms, for the performance of duties which constitute misconduct and without proper corporate minutes, resolutions, or sound advice/approval as to the amount thereof.

X.  Other bad faith and intentional acts to exclude, prevent, impair, impede, and dissuade Plaintiff from taking any further involvement in the corporation. The foregoing elements of damage have been sustained by the corporation and are not being requested individually or to the benefit personally of Ilia N. Zavialov.

47.   Defendant's misconduct was not due to an honest error of judgment, but rather in bad faith and was done knowingly, willfully, intentionally or recklessly for the purpose of favoring her personal interests over that of the corporation.

48.   As a direct and proximity result thereof, the corporation has sustained and will continue to sustain significant damages as more particularly described in paragraph 42.

49.   In performing these wrongful acts, Defendant acted intentionally, recklessly, fraudulently, despicably, maliciously, and in bad faith; therefore the corporation is entitled to punitive damages.

### Count III
### Negligent Breach of Fiduciary Duty

50.   Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

- 13 -

51.   In taking over management and control of the corporation, Defendant thereupon undertook the duty of the acting with due care, reasonable inquiry, oversight, supervision, and taking all necessary actions to adequately manage the corporation.

52.   By the wrongful actions described herein, Defendant has abandoned her fiduciary duties as to prudently managing the operation of the corporation in a manner consistent with reasonable business policy. As such, Defendant has performed below the standard of care that would be indicated for a professional manager of such a corporation. Specifically, Defendant is unable to confer the requisite knowledge, experience, and know-how to properly fulfill her duties.

53.   As a direct and proximate result thereof, the corporation has sustained and will continue to sustain significant damages as described in paragraph 42.

## Count IV
## Gross Negligence and Mismanagement

54.   Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

55.   In taking over management and control of the corporation, Defendant thereupon undertook the duty of the acting with due care, reasonable inquiry, oversight, supervision, and taking all necessary actions to adequately manage the corporation.

56.   By the wrongful actions described herein, defendant has abandoned her fiduciary duties as to prudently managing the operation of the corporation in a manner consistent with reasonable business policy. As such, defendant has performed gross negligence, reckless misconduct, and severe mismanagement on behalf of the corporation.

57.   As a direct and proximity result thereof, the corporation has sustained and will continue to sustain significant damages as described in paragraph 42.

## Count V
## Negligence—Waste of Corporate Assets

58.   Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

- 14 -

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE 204
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

59.  By engaging in their wrongdoings here and described, Defendant wasted corporate assets by, among other things, the acts and omissions described in Counts III and IV.

60.  As a direct and proximate result thereof, the corporation has suffered damages as more particularly described in paragraph 42.

## Count VI
## Unjust Enrichment

61.  Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

62.  As a result of the wrongdoings described in Counts I and II, Defendant has been and will continue to divert income at the expense of and to the detriment of the corporation.  Plaintiff alleges on information and belief that some of this diversion was for Defendant's personal uses.

63.  Accordingly, this Court is requested to disgorge any all profits, monies, assets, benefits, and other compensation that may wrongfully have been obtained by Defendant and should order full repayment and reimbursement.

## Count VII
## Injunctive Relief

64.  Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

65.  The corporation is one of the leading businesses and web sites in the industry of international dating. As such, the corporation is exceptionally unique and proprietary.

66.  For Defendants misconduct and other wrongful action, the corporation has and will suffer grave and irreparable injury.  Said corporation does not have an adequate remedy of law in the form of monetary damages, which will not adequately compensate it for losses.  Further, in balancing any hardship between the corporation and Defendant, the interest of the corporation would predominate.

67.  Accordingly, Plaintiff reserves the right to request a preliminary and permanent injunction, together with any temporary restraining orders, to restrain Defendant from further wrongful acts or omissions.

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE 104
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

## Count VII
### Appointment of a Receiver

68.    Plaintiff hereby incorporates by reference the allegations in the Introductory Allegations, the Obligations and Duties of Defendant, the Factual Background, and the previous causes of action.

69.    The corporation has a direct interest in the preservation of its property, funds, and the proceeds thereof. The interest being assertive by the corporation is likely and probable.

70.    Additionally, the property and funds of the corporation are in danger of being lost, removed, or materially injured by the wrongful acts and omissions of Defendant.

71.    Under Nevada Revised Statutes 32.010(1), the corporation reserves the right to bring an application for the appointment of a receiver to take management and control of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests judgment as follows:

A.    Monetary damages sustained by the corporation as a result of Defendant's wrongful acts and omissions;

B.    Punitive damages;

C.    Extraordinary equitable and/or injunctive relief as necessary or permitted by law, equity and the statutory provisions sued hereunder, including disgorgement, attachment, impoundment, imposition of a constructive trust, and injunctive relief;

D.    The appointment of a receiver to operate, manage, collect receivables, make disbursements, execute documents and contracts, and otherwise supervise active operations;

E.   Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, and accountants' and experts' fees, costs, and expenses; and

F.   Granting such other and further relief as the Court deems just and proper.

Dated:  October 14, 2013.

ALBRIGHT, STODDARD, WARNCK & ALBRIGHT

By _____
G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
Quail Park 1, Suite D-4
801 South Rancho Drive
Las Vegas, Nevada 89106
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, SUITE D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

Exhibit "A"

10/08/2013   09:23     818--873-8279          FEDEX OFFICE     4295              PAGE  01

## Demand For Corporate Action

**To:** The board of directors and shareholders of Dream Marriage Group, Inc., including Anastasia Popova.

**From:** Ilia N. Zavialov.

**Subject:** Demand to take legal action to redress wrongs committed against the above corporation.

**PLEASE TAKE NOTICE THAT DEMAND IS MADE** under Rule 23.1 of the Rules of Civil Procedure of the State of Nevada upon the directors and shareholders of the above corporation to take all necessary steps, including legal action, to preserve and protect corporate assets and prevent continued misappropriation of income and resources. In particular, shareholder Anastasia Popova has and is expected to continue the following wrongful acts and omissions for her personal gain:

A. Taking action to gain sole management and control of the corporation.

B. Seizing, controlling, and receiving business bank and financial accounts.

C. Seizing, controlling, and receiving accounts receivable.

D. Seizing, controlling, and receiving monies from credit card and PayPal accounts.

E. Seizing, controlling, and receiving assets of the corporation.

F. Using, changing and misappropriating PayPal coding so all corporate payments would be diverted to her sole and personal use.

G. Excluding Ilia N. Zavialov from his rightful operation, management, and other duties as an officer, director, and shareholder.

H. Preventing Ilia N. Zavialov from supervising, directing, or managing employees, independent contractors, and vendors. This would include the already existing duties that Plaintiff has such as hiring, firing, or disciplining employees.

10/08/2013  09:23    818--879-8279           FEDEX OFFICE    4295         PAGE 02

By virtue of the above enumerated, the corporation has and will continue to experience damage in the form of misappropriated revenue, assets, goodwill, and customer base.

Demand is therefore made that shareholder Anastasia Popova either: 1) confirm in writing that she will cease and desist any further wrongful activity and restore all income and assets personally acquired or 2) confirm in writing her consent to the bringing of legal action by the corporation to address these wrongdoings and recoup any losses sustained. Due to the urgency of the situation, a response should be made immediately.

In the absence thereof, shareholder Ilia N. Zavialov reserves the right to bring an appropriate shareholder derivative action on behalf of the corporation, together with any individual causes of action he may have without further notice.

Please also be advised that it will not be an appropriate response for shareholder Anastasia Popova to simply allege that misappropriated income or resources shall be redressed by appropriate division of community property assets in the current Los Angeles Superior Court dissolution action under action No. BD 588 375 between Ilia N. Zavialov and Anastasia Popova.

Dated: 10/07/13

Ilia N. Zavialov

1

## VERIFICATION

2      Ilia N. Zavialov, being first duly sworn, deposes and says:

3      That I am the Plaintiff in the above entitled action; that I have read the foregoing

4  SHAREHOLDER DERIVATIVE ACTION FOR DAMAGES, PRELIMINARY AND

5  PERMANENT INJUNCTION, AND RECEIVERSHIP and know the contents thereof; that the

6  same is true of my own knowledge, except for those matters therein stated upon information and

7  belief, and as to those matters, I believe them to be true.  This verification is made pursuant to

8  NRS 23.1 and NRS 15.010 and under penalty of perjury

9      DATED this *15th* day of October, 2013.

10

11                                         _Ilia  N. Zavialov_

12                                         ILIA N. ZAVIALOV

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A PROFESSIONAL CORPORATION
QUAIL PARK, BUILDING D-4
801 SOUTH RANCHO DRIVE
LAS VEGAS, NEVADA 89106

EXHIBIT "B"

EXHIBIT "B"

Case 2:13-cv-02090-JAD-VCF   Document 12-7   Filed 12/05/13   Page 35 of 35

11/13/13                           Case 2:13-cv-02090...Clark County Courts - Anonymous/CaseDetail.aspx?CaseID=...   Page 2 of 2

Skip to Main Content Logout My Account Search Menu New District Civil/Criminal Search Refine Search                Location : District Court Civil/Criminal   Help
Back

# REGISTER OF ACTIONS
## CASE NO. A-13-690188-C

| | | | |
|---|---|---|---|
| **Ilia Zavialov, Plaintiff(s) vs. Anastasia Popova, Defendant(s)** | § § § § § § | Case Type:<br>Subtype:<br>Date Filed:<br>Location:<br>Cross-Reference Case Number: | **Other Civil Filing**<br>**Stockholder Suit**<br>**10/15/2013**<br>**Department 30**<br>**A690188** |

| PARTY INFORMATION | | |
|---|---|---|
| | | **Lead Attorneys** |
| **Defendant** | **Popova, Anastasia** | |
| **Plaintiff** | **Dream Marriage Group Inc** | **George Mark Albright**<br>*Retained*<br>7023847111(W) |
| **Plaintiff** | **Zavialov, Ilia N** | **George Mark Albright**<br>*Retained*<br>7023847111(W) |

| EVENTS & ORDERS OF THE COURT | |
|---|---|
| **OTHER EVENTS AND HEARINGS** | |
| 10/15/2013 | **Case Opened** |
| 10/15/2013 | **Complaint** |
| | *Shareholder Derivative Action for Damages, Preliminary and Permanent Injunction, and Receivership* |
| 10/15/2013 | **Summons** |
| | *Summons (Anastasia Popova)* |
| 10/30/2013 | **Affidavit of Service** |
| | *Affidavit of Service* |

| FINANCIAL INFORMATION | | | |
|---|---|---|---|
| **Plaintiff** Zavialov, Ilia N | | | |
| Total Financial Assessment | | | 270.00 |
| Total Payments and Credits | | | 270.00 |
| **Balance Due as of 11/13/2013** | | | **0.00** |
| 10/15/2013 | Transaction Assessment | | 270.00 |
| 10/15/2013 | Wiznet | Receipt # 2013-125607-CCCLK | Zavialov, Ilia N | (270.00) |